IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

          Plaintiff,                         ORDER

       v.                                    95-CR-79-S-02

ADRIAN S. COLLINS,

          Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      A hearing on the probation office's petition for judicial review of Adrian S. Collins' supervised release was held on March 16, 2009, before United States District Judge Barbara B. Crabb. The government appeared by Assistant United States Attorney Paul W. Connell. Defendant was present in person and by counsel, Mark Maciolek. Also present was Senior United States Probation Officer William T. Badger, Jr.

      From the record and the parties' stipulation, I make the following findings of facts.

FACTS

      Defendant was sentenced in the Western District of Wisconsin on April 9, 1996, following his conviction for conspiracy to import cocaine and marijuana, in violation of 21 U.S.C. § 846. This offense is a Class B felony. Defendant was committed to the custody of the Bureau of Prisons to serve a term of imprisonment of 87 months, with a 60-month term of supervised release to follow.

Defendant began his first term of supervised release on January 15, 2003. On August 10, 2006, the Honorable John C. Shabaz revoked defendant's supervised release after defendant traveled outside the district without the permission of his probation officer and failed to report police contact on two separate occasions. Judge Shabaz sentenced defendant to nine months' imprisonment with 24 months' supervised release to follow.

On May 4, 2007, defendant began his current 24-month term of supervised release. On January 26, 2009, he admitted that he had consumed alcohol on December 18, 2008, in violation of Special Condition No. 1, requiring him to abstain from the use of alcohol. On February 13, 2009, defendant violated the mandatory condition of supervision prohibiting him from committing a federal, state or local crime, when he attempted to purchase $13,460 worth of cocaine and marijuana from undercover police officers.

Defendant's most serious conduct falls into the category of a Grade A violation. Section 7B1.3(a)(1) of the advisory sentencing guidelines directs the court to revoke supervised release upon a finding of a Grade A violation.

## CONCLUSIONS

Defendant's violations warrant revocation. Accordingly, the 24-month term of supervised release imposed on defendant on August 10, 2006, will be revoked.

Defendant's criminal history category is IV. With a Grade A violation, defendant has a restricted advisory guideline term of imprisonment range of 24 to 27 months. The statutory maximum to which he can be sentenced upon revocation is 27 months, pursuant

to 18 U.S.C. § 3583(e)(3), which provides that a person whose term of supervised release is revoked may not be required to serve more than three years if the offense for which he was sentenced previously was a Class B felony, less any previous revocation sentence.

After reviewing the non-binding policy statements of Chapter 7 of the Sentencing Guidelines, I have selected the statutory maximum sentence. The intent of this sentence is to hold defendant accountable for his violations and protect the public.

ORDER

IT IS ORDERED that the period of supervised release imposed on defendant on August 10, 2006, is REVOKED and defendant is committed to the custody of the Bureau of Prisons for a term of 27 months. No term of supervised release shall follow. Defendant is to be registered with local law enforcement agencies and the state attorney general before his release from confinement.

Defendant does not have the financial means or earning capacity to pay the cost of incarceration.

Entered this 16th day of March, 2009.

BY THE COURT:

/s/

BARBARA B. CRABB
Chief District Judge